CASE 19—SPECIAL PROCEEDING—OCTOBER 26.

# Town of Walton v. Norman.

**APPEAL FROM BOONE CIRCUIT COURT.**

1. EMINENT MAIN—CONDEMNATION FOR MUNICIPAL PURPOSES—APPEALS—TRIAL DE NOVO.—Upon appeal to the circuit court from the county court in a proceeding to condemn land for municipal purposes, under the provisions of section 839 of the Kentucky Statutes, the appeal shall be tried *de novo* in the circuit court; and where exceptions have been filed to the commissioner's report, a trial should be had for the purpose of assessing the damages. There is no provision of the statute authorizing the quashing of the report, and if that should be done it would not prevent the trial of the issues raised by the exceptions.

C. C. CRAM AND J. G. TOMLIN FOR APPELLANT.

1. It is not the duty of the commissioners to determine, either as a board or otherwise, the necessity for the condemnation of the land, that was the duty of the court, and the only duty of the commissioners was to view the premises and award the damages. (See sec. 836, Ky. Stats.) And, therefore, the court was not authorized to quash their report, because they never acted in concert in determining the necessity for the condemnation.

2. But admitting that the report of the commissioners was properly quashed, it was error for the court to dismiss the whole proceeding as the trial of the issues raised by the exceptions should have been had without regard to the report; the jury in assessing damages is not guided, or controlled by, the report of the commissioners. L., St. L. & T. R. R. Co. v. Barrett, &c., 91 Ky., 489.

3. It is provided by the statute (sec. 839) that upon appeals to the circuit court in condemnation proceedings there shall be a trial *de novo*, and, of course, the case can not be sent back to the county court for further adjudication; and, therefore, if the circuit court did not err in dismissing the whole proceeding, the appellant is without remedy except to begin over again.

W. W. DICKERSON FOR APPELLEE.

1. If the ruling of the lower court is made upon evidence heard, then this court will presume the evidence sustains the judgment and finding of fact, in the absence of the bill of exceptions.

2. The county court when it appointed the commissioners did not tell them what was actual damages, did not tell them what was incidental damages, never advised them how to consider the fencing, buildings, trees, etc., on the land, and did not give them any directions as to the manner of ascertaining the actual damages; under such circumstances the report was properly quashed. R. R. Co. v. Helm, 8 Bush, 84; Covington, &c., Co. v. Piel, 87 Ky., 267; R. R. Co. v. Gibson, 16 Ky. Law Rep., 7; Asher v. L. & N. R. R. Co., 87 Ky., 291.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

The appellant instituted proceedings in the Boone County Court for the purpose of condemning certain property of the appellee to be used as a sidewalk in the town of Walton. The proceedings were contested in the county court, and it seems by consent finally submitted to the county judge with-

out the intervention of a jury, and judgment finally rendered in favor of Norman for $175 in full of all damages. Norman appealed to the circuit court. In the circuit court numerous exceptions were filed by Norman to the report of the commissioner, all of which seem to have been overruled by the circuit court, except exception No. 6, and upon that exception it seems that the court heard testimony, and at the conclusion of the testimony quashed the report of the commissioners, and on motion of Norman dismissed the proceedings, and from that judgment this appeal is prosecuted.

It seems that the exception in substance charged that the commissioners appointed by the county court examined the land and reported as to the value of damages, etc., but never met together and made the examination, nor conferred together, but each had made his examination separately and each in the absence of the others signed the report. The evidence introduced on the trial of that exception is not before us, hence it must be taken that the truth of the exception was sustained by the evidence.

The questions now presented for decision are, first, should the report have been quashed for the reason given? Second, if the report was properly quashed, did the circuit court err in dismissing the proceedings?

Section 835, 836 and 837, Kentucky Statutes, provide for the condemnation of land upon motion of a railroad company. Section 3668, Kentucky Statutes, provides that whenever property is needed for municipal purposes and an ordinance is enacted so declaring, the proper authorities of the city or town may, if compensation therefor can not be agreed upon, condemn same in the manner provided for the condemnation of land for railroad purposes.

Section 838 provides that at the first term of the regular county court after the owner shall have been summoned the length of time prescribed by the Civil Code of Practice before the answer is required, it shall be the duty of the court to examine said report of the commissioners, and if it shall appear to be in conformity to this law, and, to the extent that no exceptions have been filed thereto by either party, it shall confirm said report as against owners not excepting.

Section 839 provides that when exceptions shall be filed by either party the court shall forthwith cause a jury to be empanneled to try the issues of fact made by the exceptions. In assessing the damages the jury shall be governed by the rule prescribed in section 836 of the statute. It is also provided that either party may appeal to the circuit court, by executing bond as required in other cases, within thirty days, and the appeal shall be tried *de novo*.

Section 840 further provides how the appeal shall be taken. It will be seen from the foregoing that the passage of the ordinance by the municipal authorities of the town authorized an application to be made to the county court for condemnation, which court shall proceed to appoint commissioners, as required by law, which commissioners shall make a report, as prescribed by law, and thereafter the owner of the land shall be summoned to show cause, if any he can, why the report shall not be confirmed. After legal service of the summons the owner of the land may file exceptions to the report, in which event a jury shall be empanneled to try the cause and assess the damages to which he may be entitled, and it is further provided that either party may appeal to the circuit court, where the cause shall be tried *de novo*.

It appears in this case that the necessary ordinance was enacted, the petition filed, the commissioners appointed and the report made to the county court, which was excepted to by the appellee, Norman. It further appears that a jury trial was waived and the matter submitted to the county court, which rendered judgment in'favor of Norman for $175, from which judgment he prosecuted an appeal to the circuit court, and in that court his exception, No. 6, to the commissioner's report was sustained. and the report quashed, and the proceedings dismissed without prejudice. It will be seen that there is no provision in the statute providing for. the quashal of the report; the provision being for the filing of exceptions to the report and a jury trial then to be had in order to fix the damages; hence it follows that the quashal of the report in the circuit court in nowise prevented a trial of the issues made up by the exceptions.

The provision of the statutes as to the enactment of the ordinance, the appointment of the commissioners and their report was evidently intended to obviate, as far as possible, any contest as to the advisability of the condemnation of the land as well as the damage to the owner, but it is expressly provided that upon exceptions to the report of the commissioners by either party to the proceeding that a jury trial should be had for the purpose of assessing the damages.

It, therefore, seems clear to us that the quashal of the report in nowise prevented the parties from having a jury try and assess the damages, and also to try any other questions legally involved in the controversy.

It results, therefore, that the court below erred in dismissing the proceedings, and that judgment is reversed and

cause remanded for further proceedings consistent with this opinion.